UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHYLICIA DAWN SCOTT<br><br>   Plaintiff,<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, LLC,<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT    3:17-cv-00139<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW comes PHYLICIA DAWN SCOTT ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MONTEREY FINANCIAL SERVICES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 30 year old natural person residing at 52682 Ida Street, South Bend, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant is an "industry leader in debt recovery" and "providing delinquent debt recovery solutions"[1] with its headquarters located at 4095 Avenida de la Plata, Oceanside, California. Defendant is in the business of collecting consumer debts for others, including debts allegedly owed by Plaintiff. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1990.[2]

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. At all times relevant to this complaint, Defendant was attempting to collect on a consumer "debt" as defined under 15 U.S.C. §1692 a(5) of the FDCPA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

---

[1] http://www.montereyfinancial.com/montfin/delinquent-debt-recovery.html?__sw_csrfToken=2fb57890
[2] http://www.acainternational.org/memberdirectory.aspx

## **FACTS SUPPORTING CAUSES OF ACTION**

12. In approximately December 2014, Plaintiff began receiving phone calls from Defendant to her cellular phone, (574) XXX-1009. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1009. Plaintiff is and always has been financially responsible for the cellular phone and its services. *See* Exhibit A.

14. The phone number that Defendant most often uses to call Plaintiff's cellular phone is (760) 639-3500, but upon information and belief, it has used other numbers as well. *Id.*

15. Upon information and belief, the phone number ending in 3500 is regularly utilized by Defendant to contact consumers during its debt collection activity.

16. Upon answering calls from Defendant, Plaintiff experiences a brief pause, lasting a few seconds in length, before a live representative begins to speak. *Id.*

17. Upon speaking with Defendant, it informs Plaintiff that it is acting as a debt collector and is attempting to collect upon her outstanding debt. *Id.*

18. When Defendant first started calling Plaintiff, she asked it what the debt was for, and was informed that it was attempting to collect upon a debt she allegedly incurred at a beauty products store ("subject debt"). *Id.*

19. Since the debt did not belong to Plaintiff, she contacted the beauty products store and filed a dispute with it. *Id.*

20. Plaintiff also filed a report with her local police department for a compromised credit card, as she did not authorize the alleged purchases. *Id.*

21. Plaintiff has told Defendant that she was disputing the debt and to stop contacting her on at least three occasions. *Id.*

22. Despite her multiple demands, Defendant has continued to regularly call Plaintiff's cellular phone up until the present day. *Id.*

23. Defendant has called Plaintiff's cellular phone multiple times in a single day. *Id.*

24. Defendant's representatives made threatening statements to Plaintiff, including, "you can go to jail," "charges will be pressed," and "we will come to your house." *Id.*

25. Defendant has systematically and habitually called Plaintiff's cellular phone countless times throughout the last couple of years. *Id.*

26. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

27. With the goal of ending Defendant's conduct, Plaintiff has expended money purchasing and maintaining an application on her cellular phone to block the calls. *Id.*

28. Plaintiff has suffered financial loss as a result of Defendant's actions.

29. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though full set forth herein.

      **a.**     **Violations of the FDCPA §1692c(a)(1) and §1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) prohibits "the use of obscene or profane language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, d(2) and d(5) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's phone over a two year period after she demanded that it cease contacting her was harassing and abusive. Plaintiff repeatedly conveyed to Defendant that the debt did not belong to her and that she did not wish to be contacted. Rather than ceasing its contacts, Defendant verbally abused and threatened Plaintiff, telling her that it will send people to her home, and that charges will be pressed and she will go to jail. These statements are not only unfair, abusive and deceptive, but they serve no purpose but to harass Plaintiff into making payment. Telling an individual that she will be arrested or that people will come to her house is extremely obscene behavior, especially when Defendant does not have the authority to carry out such actions, as is the case here.

34. Furthermore, the volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

      **b.  Violations of the FDCPA § 1692e**

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any

false, deceptive, or misleading representation or means in connection with the collection of any debt."

    37. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person…" 15 U.S.C. §1692e(4).
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

    38. Defendant violated §1692e, e(4), e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite being told that she was in the process of disputing this debt and to stop calling her, Defendant continued to relentlessly contact Plaintiff via automated calls. Instead of ceasing its behavior, Defendant kept calling Plaintiff on a consistent basis for two years. Moreover, by telling Plaintiff that someone will come to her home and that she will be charged and arrested, Defendant made threats to take actions that it cannot legally take or does not intend to take. Defendant is a debt collector that is attempting to take advantage of a consumer by flexing its muscle and making threats to coerce payment. By specifically telling Plaintiff that she will be charged and go to jail for nonpayment of the debt, Defendant is in clear violation of the statute. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via automated calls when it no longer had consent to do so.

    **c. Violations of FDCPA § 1692f**

    39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop and making startling threats that it did not have the legal authority to

6

make. Attempting to coerce Plaintiff into payment by placing voluminous phone calls and threatening to send people to her home and put her in jail, after she notified it to stop calling, is unfair and unconscionable behavior exhibited by Defendant.

40. As pled in paragraphs 25 through 30, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PHYLICIA DAWN SCOTT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. Defendant used an ATDS in connection with its communications directed towards

Plaintiff's cellular phone. The brief pause lasting a few seconds that Plaintiff experienced during answered calls from Defendant before being connected to a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the recorded message that Plaintiff experiences before being connected with a live representative is indicative of an ATDS. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

44. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff did not incur the subject debt, as Plaintiff never authorized any transactions leading to the subject debt since her credit card was compromised. Thus, Plaintiff never gave Defendant original consent to even contact her in the first place. Notwithstanding, any consent Plaintiff *may* have given to the original party of interest, which Defendant will likely assert transfers down to it, was explicitly revoked by Plaintiff's demands to cease calling her cellular phone.

45. After Plaintiff notified Defendant to stop calling her since she was disputing this alleged debt that did not belong to her, Defendant continued to systematically place calls to her cellular phone throughout a two year period.

46. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

47. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, PHYLICIA DAWN SCOTT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

48. Plaintiff repeats and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

50. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

51. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

52. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

53. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the

9

IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

54. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified at least three times by Plaintiff that she did not wish to be contacted, as the debt was being disputed since she did not incur the subject debt. Despite these oral instructions by Plaintiff, Defendant chose to double-down on its collection efforts by not only ramping up the call volume, but also making grave and threatening statements to Plaintiff. This was done in an abusive attempt to frighten and harass Plaintiff into submission.

55. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

56. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

57. Defendant's conduct is part of a purposeful and systematic scheme to illegally collect upon unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy.

58. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her since she did not incur the subject debt. The fact that Defendant was provided with multiple notices to stop calling and refused to abide by said

notices, evidenced by consistently calling Plaintiff for two years after she told it to stop, shows that its behavior is incurable.

59. To further this notion, Defendant had the opportunity to stop contacting Plaintiff upon being told to stop calling her and that she was disputing the subject debt that does not belong to her. Rather than following these requests, Defendant, which has been in the debt collection industry for 27 years, decided to threaten Plaintiff with jail time, among other things, which shows that it has no regard for curing, or fixing any of its illegal actions.

60. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious. Even after being in business for so many years and deemed a self-proclaimed "industry leader" in the debt collection business, Defendant still chooses to engage in unfair, deceptive and abusive behavior in its treatment of consumers.

61. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 25 through 30, Plaintiff has suffered damages as a result of Defendant's unlawful conduct, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, PHYLICIA DAWN SCOTT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

    d. Enjoining Defendant to cease contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 16, 2017                     Respectfully submitted,

                                                 s/ Nathan C. Volheim
                                                 Nathan C. Volheim, Esq. #6302103
                                                 Admitted in the Northern District of Indiana
                                                 Sulaiman Law Group, Ltd.
                                                 900 Jorie Boulevard, Suite 150
                                                 Oak Brook, Illinois 60523
                                                 (630) 575-8181 x113 (phone)
                                                 (630) 575-8188 (fax)
                                                 nvolheim@sulaimanlaw.com