UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PHYLICIA DAWN SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:17CV139-PPS |
| | ) | |
| MONTEREY FINANCIAL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On January 17, 2018, I issued an opinion and order denying defendant Monterey Financial Services, LLC's motion for summary judgment. [DE 31.] Monterey has moved for reconsideration of that ruling, in essence repeating its previous arguments for summary judgment and quarreling with my previous analysis. I am unpersuaded that my analysis was incorrect. Because Monterey fails to demonstrate any basis for reconsidering the denial of summary judgment, the motion to reconsider will be denied. An unsuccessful request for reconsideration does not entitle the movant to a recapitulation of the court's analysis, but I will offer a few explanatory remarks to address what I consider to be the chief errors in Monterey's arguments for reconsideration.

The bottom line (albeit somewhat simplified – see the earlier opinion for the full analysis) is that Scott's testimony, in affidavit form, that she talked to Monterey representatives on at least three occasions, telling them to stop calling her, and that they made particular types of threatening statements to her, constitutes specific facts and

evidence sufficient to create genuine disputes of material fact that defeat summary judgment on all three of Monterey's claims. Again in its motion for reconsideration, Monterey calls Scott's affidavit statements self-serving, speculative and conclusory, and suggests they cannot be relied upon to defeat summary judgment because they were contradicted by her discovery responses and not supported by "specific facts or evidence" requested by Monterey in discovery. [DE 35 at 1, 9.] Monterey entirely misunderstands the significance of the affidavit as evidence.

District courts have been warned in the summary judgment context not to discount a plaintiff's testimony as "self-serving, speculative and conclusory." *McKinney v. Office of Sheriff of Whitley County*, 866 F.3d 803, 814 (7th Cir. 2017). In *McKinney*, the court noted that "[o]ur cases for at least the past fifteen years teach that 'Self-serving affidavits can indeed be a legitimate method of introducing facts on summary judgment.'" *Id*. The Circuit had "repeatedly emphasized over the past decade" that "the term 'self-serving' must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment." *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013). Monterey cannot nullify the impact of the facts asserted in Scott's affidavit by belittling characterizations.

The Seventh Circuit has also recently warned that a court considering a motion for summary judgment "must resist the trap of assessing the credibility of witnesses, choosing between competing inferences or balancing the relative weight of conflicting evidence." *Khan v. Midwestern University*, 879 F.3d 838, 840 (7th Cir. 2018). This is so

2

even when "a party makes that task difficult either by lodging speculative claims or engaging in a pattern of behavior that suggests dishonesty." *Id*. I do not suggest that is the case here, but even so, I am required to "remain true to [my] task on summary judgment and take the facts in the light most favorable to" Scott. [*Id*.]

It is true that "speculation is not enough to create a genuine issue of fact for the purposes of summary judgment." *Consolino v. Towne*, 872 F.3d 825, 830 (7th Cir. 2017). But Scott's attestation that at least three times she told Monterey representatives to stop calling her, and that Monterey representatives threatened her with particular sorts of statements a number of times are simply declarative sentences, not speculation. Monterey disputes Scott's assertions, but the dispute is a genuine one that cannot be resolved on summary judgment.

Monterey points out that in the summary judgment order I mistakenly attributed the T-Mobile telephone records to Monterey rather than Scott. But Monterey now mistakes the significance of that error, which is negligible in the summary judgment analysis. Monterey's motion also overlooks the summary judgment order's consideration of the possibility that documented phone calls that occurred during the statute of limitations included the exchanges referred to in Scott's affidavit.

Monterey's invocation of Scott's discovery responses does not support summary judgment, either. For example, the interrogatory answers Monterey cites underscore Scott's affidavit assertion that she told Monterey's representatives to stop calling her: "Plaintiff unequivocally revoked consent by her demands that MFS cease calling her

3

cellular phone. Each time that Plaintiff answered the call from MFS, Plaintiff told MFS not to call her again...." [DE 16-3 at 14.] Scott's interrogatory answers also persist in her allegation that a Monterey representative told her she could "go to jail," that charges would be pressed and that Monterey would "come to your house." [*Id*. at 15-16.] That Scott is unable to identify the date and time of each alleged conversation does not have the preclusive effect Monterey thinks, and contrary to Monterey's argument, Scott's interrogatory answers do not contradict her other sworn statements.

**ACCORDINGLY:**

Defendant Monterey Financial Services, LLC's Motion for Reconsideration [DE 34] is DENIED.

**SO ORDERED**.

ENTERED: February 5, 2018

    /s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**